IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **JACOB GREENSPAN,** ) | Case No. 2:16-cv-0001-RMG-MGB |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | |
| ) | REPORT AND RECOMMENDATION |
| **JOEL GREENSPAN, and** ) | |
| **JUNE GREENSPAN,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| _____ ) | |

Jacob Greenspan ("Plaintiff") is proceeding *pro se* and has paid the filing fee in this civil diversity action. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., pretrial matters involving *pro se* litigants are referred to the assigned United States Magistrate Judge for consideration. After careful review, the undersigned recommends that the Complaint should be **summarily dismissed**, without prejudice and without issuance and service of process, for the following reasons:

I. **Background and Factual Allegations**

In his own words, the *pro se* Plaintiff is suing his parents for "damages arising out of the fractured relationship between Plaintiff and Defendants' (sic)." (DE# 1, ¶ 7). Proceeding under diversity jurisdiction, Plaintiff brings state law claims against his parents for alleged "breach of fiduciary relationship," constructive fraud, civil conspiracy, and defamation.

In his Complaint, Plaintiff alleges that his parents have allegedly made unspecified statements concerning his "mental health and competence, and the state of Plaintiff's personal and professional lives." (DE# 1, ¶ 9). He alleges that his parents have attacked his "character" and held

him "out to be an individual that (sic) is not to be taken seriously." (*Id*., ¶ 10). He complains that his parents have provided "Plaintiff's family and friends with the belief that Plaintiff is to blame for the problems that exist in the relationship between Plaintiff and Defendants' (sic)." (*Id*., ¶ 11). He contends that unspecified statements by his parents have caused others "to perceive him as "troubled" and "to question Plaintiff's ability to think and act for himself." (*Id*., ¶ 12). Plaintiff insists that he has "no history of mental health problems." (*Id*., ¶ 14). He claims that he is therefore "entitled to recover actual, consequential and incidental damages and punitive damages from Defendants' (sic)." (*Id*., ¶ 20).

In his cause of action for "Breach of Fiduciary Duty," Plaintiff alleges that:

> A fiduciary relationship was established between Plaintiff and Defendants' (sic) based upon the nature of Defendants' parental relationship to Plaintiff in which Plaintiff was, in fact, accustomed to being guided and influenced by the judgment and advice of Defendants' (sic), and Defendants' inducement of Plaintiff into placing his trust and confidence in the integrity and fidelity of Defendants' (sic) by agreeing to be guided by Defendants' judgment and advice in reliance of Defendants' promise of financial support.

(DE# 1, ¶ 21). Plaintiff complains that his parents advanced "their own interests ahead of Plaintiff's best interests" and that "such actions and omissions constitute Defendants' failures to act with due care, loyally (sic), and in good faith and with due regard for Plaintiffs' interests." (*Id*., ¶ 23).

Similarly, in his cause of action for "constructive fraud," Plaintiff alleges that "a fiduciary relationship existed in which Defendants' (sic) breached their fiduciary duties owed to Plaintiff." (*Id*., ¶ 27). He alleges that the "Defendants' (sic) intentionally and willfully abused and betrayed the trust and confidence reposed in them by Plaintiff with the intention of advancing their own interests ahead of Plaintiff's best interests." (*Id*., ¶ 28).

Finally, in his cause of action against his parents for "conspiracy" with each other, Plaintiff contends that the "Defendants' (sic) acted together in denying and continuing to deny their wrongful actions" and "have continuously relied upon the manipulation of facts and information with the intentions of absolving themselves of any wrongdoing and relieving themselves of the financial burden associated with their promises made to Plaintiff due to Defendants' (sic) dissatisfaction with their own judgment and the advice offered to Plaintiff." (*Id.,* ¶¶ 33-34).

For relief, Plaintiff seeks "an award of all actual, compensatory, consequential, and incidental damages," punitive damages, and the costs of suit. Although Plaintiff is proceeding *pro se*, he asks for "attorney fees." (DE# 1, ¶ 41).

## II. Standard of Review

### A. No Screening Under 28 U.S.C. §§ 1915, 1915(e)(2)

Pre-screening under 28 U.S.C. § 1915 is not applicable in *pro se*, non-prisoner, fee-paid cases (such as the present case). *See e.g., Chong Su Yi v. Social Sec. Admin.*, 554 F.App'x 247 (4th Cir. 2014); *Mayhew v. Duffy*, Case No. 2:14–cv–24–RMG-BM, 2014 WL 468938, *1 (D.S.C. Feb. 4, 2014). Therefore, the Magistrate Judge is not conducting initial review pursuant to 28 U.S.C. § 1915. As Plaintiff has paid the filing fee, screening pursuant to 28 U.S.C. § 1915(e)(2) is also not applicable. *See, e.g., Bardes v. Magera*, Case No. 2:08–487–PMD–RSC, 2008 WL 2627134, *8–10 (D.S.C. June 25, 2008); *Anderson v. Patterson*, Case No. No. 6:16-761-MGL-JDA, 2016 WL 1743095 (D.S.C. April 12, 2016), *adopted by* 2016 WL 1732763 (D.S.C., May 2, 2016).

### B. Inherent Authority to Dismiss Frivolous Cases

However, even in cases where a *pro se* litigant has paid the full filing fee, the United States Supreme Court has observed that district courts possess the inherent authority to dismiss frivolous cases. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) ...

authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."). The Fourth Circuit Court of Appeals has also held that "frivolous complaints are subject to summary dismissal pursuant to the inherent authority of the court." *Ross v. Baron*, Case No. 12–1272, 2012 WL 3590914, *1, 493 F.App'x 405, 406 (4th Cir. Aug. 22, 2012). Other circuits agree. *See, e.g., Fitzgerald v. First E. 7th St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) ("district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee"); *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 119 (2d Cir. 2015) (courts have inherent authority to *sua sponte* dismiss frivolous suits). Therefore, this Complaint is subject to review pursuant to the inherent authority of this Court to ensure that subject matter jurisdiction exists and that the case is not frivolous. *See e.g., Carter v. Ervin*, Case No. 0:14–cv–00865–TLW-PJG, 2014 WL 2468351 (D.S.C. June 2, 2014), *appeal dism'd,* 585 F.App'x 98 (4th Cir. 2014); *Cornelius v. Howell*, Case No. 3:06–3387–MBS–BM, 2007 WL 397449, *3 (D.S.C. Jan. 8, 2007), *adopted by*, 2007 WL 4952430 (D.S.C. Jan. 30, 2007), *aff'd*, 251 F.App'x 246 (2007), *cert. denied*, 553 U.S. 1057 (2008); *Duffy*, 2014 WL 468938, *1 fn.1.

### C. Liberal Construction

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* complaints does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir.2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir.1990). Giving "liberal construction" does not mean that the

Court can ignore *a pro se* plaintiff's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) *cert. denied*, 475 U.S. 1088 (1986).

### III. Discussion

#### A. Diversity Jurisdiction

This Court has the inherent authority to review a Complaint to ensure that subject matter jurisdiction exists. *See Davis v. Wilson*, Case No. 9:13–cv-382–GRA-BHH, 2013 WL 1282024, *1 (D.S.C. Mar. 8, 2013), *adopted by* 2013 WL 1282024 (D.S.C. March 27, 2013), *aff'd by* 539 F.App'x 145 (4th Cir. 2013), *cert. denied by* 134 S.Ct. 940 (2014). Payment of the full filing fee does not cure a lack of jurisdiction. *See, e.g., Myers v. McKnight*, Case No. 2:10–cv-3259–RMG–RSC, 2011 WL 221867, *7 (D.S.C. Jan.5 2011), *adopted by* 2011 WL 219847 (D.S.C. Jan. 24, 2011); *Myers v. Kaufmann*, Case No. 2:10–cv-2081–RMG–RSC, 2010 WL 4338097, *8 n.1 (D.S.C. Sept. 16. 2010), *adopted by* 2010 WL 4340381 (D.S.C. Oct. 25, 2010), *aff'd by*, 420 F.App'x 302 (4th Cir. Apr. 4, 2011).

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc*., 147 F.3d 347, 352 (4th Cir.1998). A federal district court may *sua sponte* consider whether a valid basis for its jurisdiction exists and must "dismiss the action if no such ground appears." *Id.* at 352; see also Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although a lack of subject matter jurisdiction may be raised at any time during a case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th

Cir.1999); *and see, e.g., Cuyler v. Dept. of Army*, Case No. 3:14–cv-3228–CMC–SVH, 2014 WL 4635570 (D.S.C. Sept. 15, 2014) (summarily dismissing).

Fed.R.Civ.P. 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction." Plaintiff's Complaint asserts only state law claims and does not seek to proceed under federal question jurisdiction. Rather, Plaintiff's Complaint seeks to proceed under diversity jurisdiction pursuant to 28 U.S.C. § 1332. (DE# 1 at 1, ¶ 1). Plaintiff indicates that he is a citizen of South Carolina and that his parents are citizens of New York. (*Id*., ¶¶ 3-4). Thus, the parties appear to be "diverse" for purposes of 28 U.S.C. § 1332.

The Complaint, however, says nothing about the requisite amount in controversy. The rule "has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in 'good faith.' " *Horton v. Liberty Mut. Ins. Co*., 367 U.S. 348, 353 (1961); *Choice Hotels Intern., Inc. v. Shiv Hospitality*, *L.L.C*., 491 F.3d 171, 176 (4th Cir. 2007); *and see, e.g., Bartnikowski v. NVR, Inc.*, 307 F.App'x 730, 2009 WL 106378 (4th Cir. Jan. 16, 2009) (observing, in the context of a remand order, that the determination of "the amount in controversy becomes more difficult … where … damages [are] unspecified in their complaint"). Here, Plaintiff's Complaint on its face does not satisfy the "amount in controversy" requirement.

Given that Plaintiff is proceeding *pro se*, the Court issued a Special Interrogatory regarding the amount in controversy. In response, Plaintiff indicated that he is seeking "more than seventy-five thousand dollars ($75,000) in monetary damages." (DE# 8). Although parties are given much latitude in proving damages, the Magistrate Judge questions whether such Interrogatory response (even when liberally construed) is enough to satisfy the minimum requirements for diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff's assertion regarding the amount of damages

is not supported by any specific facts in the Complaint and appears speculative. In any event, even assuming that this Court has diversity jurisdiction to proceed, the Plaintiff's claims are subject to summary dismissal because they are frivolous.

### B. Claims Premised on a Non-Existent Right are Frivolous

Plaintiff's causes of action for purported "Breach of Fiduciary Duty, "Constructive Fraud," and "Civil Conspiracy" are all premised on a non-existent right. An action is frivolous where it is "based on an indisputably meritless legal theory" or presents "factual contentions [which] are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 325-27 (1989). "A suit is frivolous if it lacks an arguable basis in law or fact." (*Id*.). In his Complaint, Plaintiff alleges that:

> A fiduciary relationship was established between Plaintiff and Defendants' (sic) based upon the nature of Defendants' parental relationship to Plaintiff in which Plaintiff was, in fact, accustomed to being guided and influenced by the judgment and advice of Defendants' (sic), and Defendants' inducement of Plaintiff into placing his trust and confidence in the integrity and fidelity of Defendants' (sic) by agreeing to be guided by Defendants' judgment and advice in reliance of Defendants' promise of financial support.

(DE# 1 at 4, ¶ 21). Generally, a "fiduciary relationship exists when one reposes special confidence in another, so that the latter, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one reposing confidence." *Moore v. Benson*, 390 S.C. 153, 163, 700 S.E.2d 273, 279 (S.C. Ct. App. 2010). Plaintiff's Complaint, however, asserts an underlying legal duty that simply does not exist. Plaintiff is apparently complaining that his parents have breached a duty by refusing to support him as an adult.

Plaintiff fails to recognize that in South Carolina, parents have a duty to support *only a minor child*. *Peebles v. Disher,* 279 S.C. 611, 615, 310 S.E.2d 823 (Dec. 28, 1983) ("As long as a person remains a parent of a minor child, the parent's obligation to support the child continues.").

This Court may take judicial notice of the fact that Plaintiff is an <u>adult</u> who was employed in 2009-2010 as a professional accountant.[1] In other words, the Complaint attempts to assert claims premised on a fiduciary relationship that does not exist as a matter of law. Contrary to Plaintiff's allegations, the existence of a parental relationship, standing alone, does not constitute or create a "fiduciary relationship." *Peebles,* 279 S.C. at 615. Although Plaintiff makes a vague reference to a promise to support him, the Complaint makes no mention of any contract (including any consideration), trust, or other cognizable basis for the existence of a cognizable fiduciary duty.

Any claim premised on an alleged "fiduciary relationship" between Plaintiff and Defendants based only upon the "parental relationship" lacks a basis in fact or law. The United States Supreme Court has emphasized that a claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. Plaintiff's Complaint is vague, conclusory, and fails to allege any facts that, even liberally construed, would support the existence of a "fiduciary relationship."[2] Plaintiff's own unreasonable expectation of "parental guidance" or "support" as an adult does not create any sort of legally enforceable interest here.

---

[1] This Court's own records indicate that in a 2014 lawsuit, Plaintiff indicated that he was hired in 2009 as "accounting manager" for the Charleston Harbor Resort and Marina. *See Greenspan v. Brothers Property Corporation*, Case No. 2:14-cv-3875-RMG-MGB. His employment was terminated in 2012. Plaintiff filed a *pro se* lawsuit against his former employer, alleging twenty causes of action. According to that Complaint, Plaintiff was fired for the stated reasons of "serious breaches of CHRM's standards of conduct" including "frequent and unexplained absences in reporting for work" and "repeated tardiness." (*Id*., DE# 1-1 at 27-28, ¶ 111). The case was removed to federal court on the basis of diversity jurisdiction, but was subsequently remanded to state court.

[2] In fact, Plaintiff's allegations are so generalized that this Court would not even be able to determine if the claims are time-barred. The Complaint also fails to allege any specific dates. Under South Carolina law, breach of fiduciary duty claims are governed by a three-year statute of limitations. *Graham v. Welch, Roberts & Amburn, LLP*, 404 S.C. 235, 743 S.E.2d 860, 862 (S.C. Ct. App. 2013); S.C. Code § 15-3-530(5) (the statute of limitations is three years for "any injury to the person or rights of another, not arising on contract and not enumerated by law").

Plaintiff further alleges that his parents "conspired" against him because they "acted together in denying and continuing to deny their wrongful actions." (DE# 1, ¶ 33). Such attenuated allegation is vague, conclusory, and "patently insubstantial." Plaintiff's conspiracy claim against his parents is frivolous. Plaintiff's allegation of "constructive fraud" fares no better, as Plaintiff merely alleges that his parents advanced "their own interests ahead of Plaintiff's best interest," without even identifying what that interest might be. (*Id.*, ¶ 28).[3] Again, such allegations are vague, conclusory, and "patently insubstantial." Plaintiff's "constructive fraud" claim is frivolous. This Court has the inherent authority to dismiss frivolous claims premised on a non-existent right.

Moreover, the Fourth Circuit Court of Appeals has held that a district court lacks subject matter jurisdiction over an "obviously frivolous complaint." *Chong Su Yi*, 2014 WL 629513, *1 (affirming dismissal of factually and legally frivolous claims in a fee-paid *pro se* case); *see also Ross*, 2012 WL 3590914, *1 ("because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted"). The Defendants are entitled to summary dismissal of the claims against them. Leave to amend is not necessary when it would be futile to amend. *See United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Kramer v. Omnicare ESC, LLC*, Case No. 2:14–cv–3546–PMD–BM, 307 F.R.D. 459 (D.S.C. May 27, 2015).

### C. **Defamation**

---

[3] Under South Carolina law, the elements of fraud are: a representation; its falsity; its materiality; knowledge of its falsity or a reckless disregard of its truth or falsity; intent that the representation be acted upon; hearer's ignorance of its falsity; hearer's reliance on its truth; hearer's right to rely; and hearer's consequent and proximate injury. *First State Sav. & Loan v. Phelps*, 299 S.C. 441, 446–47 (1989) (citing *Florentine Corp., Inc. v. PEDA I, Inc*., 287 S.C. 382, 339 S.E.2d 112 (1985)); *Enhance-It, LLC v. Am. Access Techs., Inc*., 413 F. Supp. 2d 626, 629-30 (D.S.C. 2006). Plaintiff's Complaint is devoid of any factual allegations regarding these elements. *See Kellogg Brown & Root, Inc*., 525 F.3d at 379 (plaintiff must plead 'the who, what, when, where, and how of the alleged fraud").

Lastly, Plaintiff sues his parents for unspecified statements made at some unspecified time to unspecified persons.[4] He complains generally that alleged statements concerned his "mental health and competence." (DE# 1 at 2, ¶ 9). He complains that his parents have held him "out to be an individual that (sic) is not to be taken seriously" and have made statements to "family and friends" allegedly blaming Plaintiff "for the problems that exist in the relationship between Plaintiff and Defendants' (sic)," thereby causing them "to question Plaintiff's ability to think and act for himself." (*Id*., ¶¶ 10-12). He complains that his parents did not provide him with "the opportunity to speak for himself on such matters." (*Id.*, ¶ 13). Although the Complaint does not set forth any specific statements that were allegedly made, Plaintiff contends that such statements were defamatory. Plaintiff insists that he has "no history of mental health problems." (*Id*., ¶ 14). He generally alleges that he has "suffered and continues to suffer damages," (*Id*., ¶ 19), but fails to specify any particular type or amount of damages.

Even with liberal construction, Plaintiff's allegations of defamation are vague, conclusory, and are "patently insubstantial." Plaintiff appears to be demanding unspecified damages for his parents' refusal to support him as an adult and for their alleged criticism of him to unspecified other persons. Plaintiff has no right to demand that his parents support him as an adult, and his allegations about their purported "defamatory statements" are unsupported by any specific facts.

---

[4] In South Carolina, to state a claim for spoken defamation (slander), a plaintiff must show: (1) a false and defamatory statement by the defendant concerning the plaintiff; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. *Fleming v. Rose*, 350 S.C. 488, 494 (2002); *Holtzscheiter v. Thomson Newspapers, Inc*., 332 S.C. 502, 510 (1998) ("slander is actionable per se only if it charges the plaintiff with one of five types of acts or characteristics: (1) commission of a crime of moral turpitude; (2) contraction of a loathsome disease; (3) adultery; (4) unchastity; or (5) unfitness in one's business or profession").

Page **10** of **11**

In the context of this *pro se* Complaint, and as alleged, such claim is frivolous.[5] Plaintiff's allegation that any unspecified statements were defamatory is wholly conclusory.[6] In any event, summary dismissal without prejudice will not impede the Plaintiff's ability to pursue such state law claim in state court.

### IV. Conclusion

Accordingly, the Magistrate Judge recommends that the Plaintiff's Complaint should be **dismissed** without prejudice, and without issuance and service of process.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

May 12, 2016
Charleston, South Carolina

---

[5] Although the Magistrate Judge is not reviewing the Complaint for failure to state a claim, it is noted that Plaintiff's Complaint fails to provide <u>any</u> specific statements, fails to identify <u>any</u> specific persons to whom any alleged statements were made, fails to provide <u>any</u> date or time as to when any statements were made, and fails to allege any specific damage that allegedly resulted.

[6] Plaintiff's allegations are so generalized that this Court would not even be able to determine if the claims are time-barred. The statute of limitations for defamation actions is two years from the time of the alleged defamatory statement. See S.C. Code Ann. § 15-3-550; *Jones v. City of Folly Beach*, 326 S.C. 360, 483 S.E.2d 770, 774 (S.C. Ct. App. 1997). Plaintiff' fails indicate when any alleged defamatory statements were made.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).