IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

2016 JUN -2  P 12:58

| | |
|---|---|
| Jacob Greenspan, ) | Civil Action No. 2:16-1-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Joel Greenspan and June Greenspan, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending summary dismissal of the complaint. The Court adopts the Report and Recommendation and dismisses the complaint without prejudice and without service of process.

## I. Background

The *pro se* Plaintiff has filed suit against his parents, alleging that they have made unspecified statements concerning Plaintiff's "mental health and competence, and the state of Plaintiff's personal and professional lives." (Dkt. No. 1 ¶ 9.) Plaintiff proceeds in diversity jurisdiction to bring state law claims against his parents for alleged "breach of fiduciary relationship," constructive fraud, civil conspiracy, and defamation. For relief, Plaintiff seeks "an award of all actual, compensatory, consequential, and incidental damages," punitive damages, and the costs of suit. Although Plaintiff is proceeding *pro se*, he asks for "attorney fees." (Dkt. No. 1 ¶ 41.)

On May 13, 2016, the Magistrate Judge recommended summary dismissal of this action. (Dkt. No. 12 at 11.) Plaintiff has not objected to the Magistrate Judge's recommendation.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## III. Analysis

### A. Frivolity

A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325–27 (1989). Plaintiff's claims lack any arguable basis in law or in fact and are, therefore, frivolous.

Plaintiff's causes of action for purported "Breach of Fiduciary Duty, "Constructive Fraud," and "Civil Conspiracy" all rest on the premise that Plaintiff's parents have breached a duty by refusing to support him as an adult. In South Carolina, parents have a duty to support only a minor child. *Peebles v. Disher*, 310 S.E.2d 823, 825 (S.C. Ct. App. 1983). Plaintiff is an adult who was employed in 2009–10 as a professional accountant. In a 2014 action brought in this Court, Plaintiff

indicated that he was hired in 2009 as "accounting manager" for the Charleston Harbor Resort and Marina. *See Greenspan v. Brothers Property Corporation*, Civil No. 2:14-3875-RMG-MGB (D.S.C. Apr. 30, 2015). The complaint thus attempts to assert claims premised on a fiduciary relationship that does not exist as a matter of law. The existence of a parental relationship, standing alone, does not constitute or create a "fiduciary relationship." *Peebles*, 279 S.E.2d at 825. Although Plaintiff makes a vague reference to a promise to support him, the complaint makes no mention of any cognizable basis for the existence of a fiduciary duty.

In support of his cause of action for defamation, Plaintiff complains that his parents made statements concerning his "mental health and competence" without alleging what specific statements were made, when those statements were made, to whom, or what damages resulted. (Dkt. No. 1 at 2, ¶ 9.) Even with liberal construction, Plaintiff's allegations of defamation are vague, conclusory, and patently insubstantial.

Plaintiff sues his parents for their refusal to support him as an adult and for their alleged criticism of him to unspecified persons. His claims lack an arguable basis in law or in fact, and, consequentially, Defendants are entitled to summary dismissal of Plaintiff's frivolous claims without service of process. *See Ross v. Baron*, 493 Fed. App'x 405, 406 (4th Cir. 2012).

**B.    Subject-Matter Jurisdiction**

Additionally, the Court lacks subject-matter jurisdiction over this action. Plaintiff proceeds under diversity jurisdiction, alleging that he is a citizen of South Carolina and that his parents are citizens of New York. The complaint says nothing about the amount in controversy. The rule "has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in 'good faith.'" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Choice Hotels Intern., Inc. v. Shiv Hospitality, L.L.C.*, 491 F.3d 171, 176 (4th Cir. 2007); *see also, e.g., Bartnikowski v. NVR,*

-3-

*Inc.*, 307 F. App'x 730, 2009 WL 106378 (4th Cir. Jan. 16, 2009) (observing, in the context of a remand order, that the determination of "the amount in controversy becomes more difficult . . . where . . . damages [are] unspecified in their complaint"). Because the complaint is silent about damages, the Court issued a Special Interrogatory regarding the amount in controversy; in response, Plaintiff placed a check mark next to "yes" to indicate that he is seeking "more than seventy-five thousand dollars ($75,000) in monetary damages." (Dkt. No. 8.)

The Magistrate Judge "questions whether such Interrogatory response (even when liberally construed) is enough to satisfy the minimum requirements for diversity jurisdiction pursuant to 28 U.S.C. § 1332" because "Plaintiff's assertion regarding the amount of damages is not supported by any specific facts in the Complaint and appears speculative." (Dkt. No. 12 at 6–7.) The Court agrees. The amount in controversy, for jurisdictional purposes, is the amount Plaintiff claims in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938); *see also Horton*, 367 U.S. at 353. A wholly frivolous complaint claims no amount in good faith. Where it appears as a legal certainty that the claim cannot meet the amount in controversy threshold, there is no subject-matter jurisdiction. *St. Paul Mercury Indem.*, 303 U.S. at 289. By definition, it is certain that a wholly frivolous complaint cannot meet any amount in controversy threshold. *Accord, e.g., Chong Su Yi v. Soc. Sec. Admin.*, 554 Fed. App'x 247, 248 (4th Cir. 2014) (holding that a district court lacks subject matter jurisdiction over an "obviously frivolous complaint"). The Court therefore lacks subject matter jurisdiction over the complaint.

## IV.   Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 12) and **DISMISSES WITHOUT PREJUDICE** the Complaint (Dkt. No. 1).

-5-

**AND IT IS SO ORDERED.**

                                                Richard Mark Gergel
                                                United States District Court Judge

June 2, 2016
Charleston, South Carolina